IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.

SALVATORE JOHN CARPANZANO
  a/k/a "Salvatore Lombardo"
  and
HEATHER GAYLE FISHER
_____/

**INDICTMENT**

3:25CR151 TKW

THE GRAND JURY CHARGES:

## COUNT ONE

### A. INTRODUCTION

At all times material to this Indictment:

1. Company #1 is a global independent money management firm headquartered in Plano, Texas, with more than 15 offices worldwide. Company #1 was founded in 1979 by Individual A. As of December 2024, Company #1 managed nearly $300 billion for approximately 175,000 clients across private wealth, institutional, international, and 401(k) business units. Neither **HEATHER GAYLE FISHER** ("FISHER") nor **SALVATORE JOHN CARPANZANO** ("CARPANZANO") were ever employed by Company #1.




2. Fisher Investments Private Client Group LLC is a foreign limited liability company registered in the State of Florida. The registered agent is **FISHER** and the registered address is the residential address of **FISHER** and **CARPANZANO** in Pensacola, Florida.

## B. THE CHARGE

Between on or about December 1, 2021, and on or about August 5, 2025, in the Northern District of Florida and elsewhere, the defendants,

**SALVATORE JOHN CARPANZANO,**
a/k/a "Salvatore Lombardo,"
and
**HEATHER GAYLE FISHER,**

did knowingly and willfully combine, conspire, confederate, and agree together and with other persons to devise, and intend to devise, a scheme to defraud and for obtaining money and property by means of material false and fraudulent pretenses, representations, and promises, and to cause wire communications to be transmitted in interstate commerce for the purpose of executing such scheme, in violation of Title 18, United States Code, Section 1343.

## C. SCHEME TO DEFRAUD

It was part of the scheme to defraud that:

1. On or about December 1, 2021, a Florida foreign limited liability company was created in the State of Florida by **FISHER** in the name of "Fisher

Investments Private Client Group LLC." **FISHER** was listed as the registered agent.

2. On or about May 11, 2022, **FISHER** opened Truist bank account ending in 3460 for Fisher Investments Private Client Group LLC.

3. **CARPANZANO** and **FISHER** falsely and fraudulently represented or caused to be represented that Fisher Investments Private Client Group LLC was associated with Company #1 and **FISHER** was an estranged relative of Individual A, which was not true.

4. **CARPANZANO** and **FISHER** falsely and fraudulently represented or caused to be represented that they could obtain financial instruments for their clients (hereinafter "victim clients").

5. Based on the false and fraudulent representations, **CARPANZANO** and **FISHER** induced or caused to be induced their victim clients to wire U.S. currency to Fisher Investments Private Client Group LLC Truist bank account ending in 3460 to obtain financial instruments or to be held in escrow. However, instead of obtaining the financial instruments or holding funds in escrow for the victim clients, **CARPANZANO** and **FISHER** converted victim client money to their own personal use or to the use of others.

6.  As a result of this scheme to defraud, between on or about December 1, 2021, and on or about August 5, 2025, **CARPANZANO** and **FISHER** received approximately $2,920,191.63 in fraudulently obtained funds.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO AND THREE

The allegations contained in section C of Count One of this Indictment are realleged and incorporated as if fully set forth herein.

## COUNT TWO

Between on or about December 1, 2021, and on or about August 5, 2025, in the Northern District of Florida and elsewhere, the defendants,

**SALVATORE JOHN CARPANZANO,**
a/k/a "Salvatore Lombardo,"
and
**HEATHER GAYLE FISHER,**

did knowingly combine, conspire, confederate, and agree together and with other persons to conduct and attempt to conduct financial transactions from a place in the United States to and through a place outside the United States, involving funds that were proceeds of a specified unlawful activity, that is, conspiracy to commit wire fraud as charged in Count One of this Indictment, and that the defendants knew to be the proceeds of some form of unlawful activity, knowing that these transactions were designed in whole or in part to conceal and disguise the nature, location,

source, ownership, and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT THREE

The allegations contained in section C of Count One of this Indictment are realleged and incorporated as if fully set forth herein.

Between on or about December 1, 2021, and on or about August 5, 2025, in the Northern District of Florida and elsewhere, the defendants,

**SALVATORE JOHN CARPANZANO,**
a/k/a "Salvatore Lombardo,"
and
**HEATHER GAYLE FISHER,**

did knowingly combine, conspire, confederate, and agree together and with other persons to engage and attempt to engage in a monetary transaction, which affected interstate and foreign commerce, in criminally derived property of a value greater than $10,000, which property was derived from a specified unlawful activity, that is, conspiracy to commit wire fraud as charged in Count One of this Indictment, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

## CRIMINAL FORFEITURE

The allegations in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture. From the defendants' engagement in the violations alleged in Count One of this Indictment, the defendants,

**SALVATORE JOHN CARPANZANO,**
a/k/a "Salvatore Lombardo,"
and
**HEATHER GAYLE FISHER,**

shall forfeit to the United States:

(a)     pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1349, any and all of the defendant's right, title, and interest in any property, real and personal, constituting and derived from proceeds traceable to such offenses; and

(b)     pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, any and all of the defendant's right, title, and interest in any property, real and personal, involved in such offense, and any property traceable to such property.

The property to be forfeited includes, but is not limited to, the following:

i. $31,670.10 in Truist cashier's check number 8000135361 in the amount of $31,670.10 made payable to United States Marshals Service;

ii. A 2014 Tidewater 250CC, Hull ID: NLPFC102A414 [Boat], 2014 HONDA BF150 4S, Serial No: BANJ1403343 [Engine], 2014 HONDA BF150 4S, Serial No: BAPJ1400397 [Engine], and 2014 Venture Tandem 25, VIN: U7GAC272UEB000137 [Trailer];

iii. A 2006 Neptunis Flybridge Motor Yacht, Vessel Name: Midnight Lady, Hull Number: XVP5681FI506; and

iv. A 2016 Black Land Rover Range Rover Supercharged 4D SUV, VIN: SALGS2EF3GA247916.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

i. cannot be located upon the exercise of due diligence;

ii. has been transferred or sold to, or deposited with, a third person;

iii. has been placed beyond the jurisdiction of this Court;

iv. has been substantially diminished in value; or

v. has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference in Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

## MONEY LAUNDERING FORFEITURE

The allegations contained in Counts Two and Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(1). From the defendants' engagement in the violation alleged in Counts Two and Three of this Indictment, the defendants,

**SALVATORE JOHN CARPANZANO,**
a/k/a "Salvatore Lombardo,"
and
**HEATHER GAYLE FISHER,**

shall forfeit to the United States of America any and all of the defendants' right, title, and interest in any property, real and personal, involved in such offense, and any property traceable to such property.

The property to be forfeited includes, but is not limited to, the following:

v.  $31,670.10 in Truist cashier's check number 8000135361 in the amount of $31,670.10 made payable to United States Marshals Service;

vi.  A 2014 Tidewater 250CC, Hull ID: NLPFC102A414 [Boat], 2014 HONDA BF1504S, Serial No: BANJ1403343 [Engine], 2014 HONDA BF1504S, Serial No: BAPJ1400397 [Engine], and 2014 Venture Tandem 25, VIN: U7GAC272UEB000137 [Trailer];

vii.  A 2006 Neptunis Flybridge Motor Yacht, Vessel Name: Midnight Lady, Hull Number: XVP5681FI506; and

viii.  A 2016 Black Land Rover Range Rover Supercharged 4D SUV, VIN: SALGS2EF3GA247916.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

i.  cannot be located upon the exercise of due diligence;

ii.  has been transferred or sold to, or deposited with, a third person;

iii.  has been placed beyond the jurisdiction of this Court;

iv.  has been substantially diminished in value; or

v.  has been commingled with other property that cannot be divided without difficulty,

9

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

A TRUE BILL:

███████████████████
FOREPERSON

8/26/2025
DATE

JOHN P. HEEKIN
United States Attorney

JEFFREY M. THARP
Assistant United States Attorney